MILTON YARNALL *v.* D. M. WHITE, &c.

**Appeal and Error—Estoppel.**

The errors, if any exist, in the judgment in favor of the appellant against White, which is not appealed from, do not result from anything in the pleadings or preparation of the case, which could operate to estop the appellant from seeking a reversal of the judgment, so far as it directs the payment of the claim of Wiggleworth against the appellant.

**Vendor and Purchaser—Title Bond—Payment—Warranty Deed.**

The vendor must present a good and sufficient deed in compliance with his title bond before he can enforce the payment of the purchase money.

APPEAL FROM HARRISON CIRCUIT COURT.

June 22, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The errors, if any exist, in the judgment in favor of the appellant against White, which is not appealed from, do not result

from anything in the pleadings or preparation of the case, which could operate to estop the appellant from seeking in this court a reversal of the judgment, so far as it directs the payment of the claim of Wigglesworth against the appellant, out of the amount adjudged against White. The appellant resisted payment of the note for $800, because of alleged inability of C. Yarnall to convey the title in compliance with his bond, and his express stipulation that no part of the last payment for which that note was given, should be made, until a warranty deed should be made in compliance with C. Yarnall's bonds, which was not done, nor facts disclosed showing that it was in the power of the court to cause it to be done. The answer of appellant further set up in the guarnishee suit of Hodges as creating a lien, or *lis pendens* as to $120 of the $500 debt in appellants hands before the assignment of the note to Wigglesworth. The assignment is not dated, and Wigglesworth has failed to allege or prove the date which would have shown whether or not the assignment and transfer of the note preceded the service or proof in the suit of Hodges; but he relied mainly on the alleged ground that he accepted the assignment of the note without knowledge of the pendency of the suit of Hodges, which does not appear to have been disposed of and may terminate in a judgment against the appellant.

We are of the opinion that for both the reasons indicated, the court erred in adjudging, on the case as presented, that the claim of Wigglesworth should be paid; but on the return of the cause further preparation will be allowed.

Wherefore the judgment in favor of Wigglesworth, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Trimble, for appellant.*
*Cleary & West, for appellee.*